FILED
United States Court of Appeals
Tenth Circuit

January 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NANCY MARCELA CASTRO-MOTTA,

      Defendant-Appellant.

No. 13-1305
(D.C. No. 1:11-CR-00033-REB-3)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.


After entering into a plea agreement including a waiver of her right to appeal,

Nancy Marcela Castro-Motta pleaded guilty to conspiracy to possess with intent to

distribute and to distribute 50 grams or more of methamphetamine or 500 grams or

more of a mixture or substance containing a detectable amount of methamphetamine

in violation of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(A)(viii).  The district court

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imposed a sentence of 168 months' imprisonment, well within the limits specified in the plea agreement for a sentence that would be subject to the appeal waiver. Ms. Castro-Motta nevertheless commenced this appeal, indicating that she intended to challenge her sentence by arguing that the district court abused its discretion in applying the provisions of 18 U.S.C. § 3553 and the sentencing guidelines. *See* Docketing Statement filed July 18, 2013, at 4. The government has moved to enforce the appeal waiver. We now grant the motion and dismiss the appeal.

The government's motion explains that Ms. Castro-Motta's appeal falls within the scope of the appeal waiver, that the waiver was knowing and voluntary, and that there are no circumstances to suggest a miscarriage of justice to excuse the waiver. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when enforcing appeal waiver). In response to the motion, Ms. Castro-Motta states that "after conferring with counsel and in light of the matters set forth in the government's motion, [she] does not object to the enforcement of the waiver and dismissal of her sentencing appeal." Resp. to Mot. to Enforce Appeal Waiver (Resp.), at 1. Considering the content of the government's motion and Ms. Castro-Motta's express disavowal of any objection thereto, we see no basis for denying the motion.

We note Ms. Castro-Motta also states that "[i]n not objecting [to the motion to enforce the appeal waiver], however, [she] does not waive her right to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, as contemplated by law and

permitted by the parties' plea agreement." Resp. at 1. The plea agreement generally waives Ms. Castro-Motta's right to pursue relief under § 2255, but an exemption from that waiver is made for three clearly delineated circumstances: where "(1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, and (3) there is a claim of prosecutorial misconduct." Dist. Ct. Doc. 451, at 5. The instant order granting the government's motion to enforce the appeal waiver is not intended to carry any consequences or implications for the operation and enforcement of this distinct waiver provision relating to § 2255 relief.

The government's motion to enforce the appeal waiver is granted and the appeal is dismissed accordingly.

Entered for the Court
Per Curiam